Good morning, your honors. May it please the court. I'm Juan Rodriguez on behalf of the appellants, the Mendoza plaintiffs. I will be splitting my time with the Fisher plaintiffs and reserving four of my 13 minutes for rebuttal and I understand that I'll keep track of that time. Your honors, this is an appeal from a district court order that awarded Tucson Unified School District partial unitary status. This court can and should reverse for at least four reasons. This court has jurisdiction under Carson and with respect to the merits, the unitary status order contains legal errors as it relates to the good faith standard and the USP areas relating to non-magnet school integration and transportation. With respect to this court's jurisdiction, the USP consent decree was modified because the district court granted unitary status in certain the USP. Further, in some of those areas were granted unitary status. It did so while simultaneously ordering TUSD to prepare what it called completion plans to fully implement the areas of the USP where TUSD is not yet in full compliance. But by not conditioning that award on the district's actual proof of its implementation of those plans, the party's relationship was substantially altered, thus reflecting a further modification of the USP and meeting the standards set by this court in Cunningham and Thompson. Could you run by again what the changes were to the unitary status plan? The opposing council says that the district court retained jurisdiction to enforce every term of the unitary status plan and indicated that the the grant was symbolic to show the community to understand the progress made by the district. So I'd like to understand specifically what changes were made to the plan that would rise to the level of a modification. Sure, so there are actually a few. In school distribution cases, it's usually the school district that has the burden of showing that it's met all the legal requirements for an award of unitary status. Now, however, the plaintiffs bear the burden of demonstrating non-compliance as to areas of the USP where it seeks enforcement. The unified status plan itself says partial unitary status is permissible and we've said it in our last, I think that was in 2014. So that was part of the unitary status plan already. So how is that a change, this concept of partial? I think this court may be referring to the Thompson case in which there was a procedural order from the special master that was contemplated in the consent decree as a procedure that might be awarded unitary status, which is an express finding of compliance. And therefore, those sections of the consent decree that recognize that partial unitary status may be awarded are more akin to recognitions that modifications of the USP consent decree will occur. But counsel, the thing, the issue that I'm concerned with is that, so you're identifying the change in the burden of proof as the modification to the order. Yes. Is there any other thing that you claim is a modification or that alters the rights and responsibilities between the parties? Yes, there's particular issues in those areas where the unitary status award was coupled with this obligation to develop completion plans because the result of that burden shift is that the district's obligations to fully implement those areas of the USP are effectively excused. And there now, as a result of the unitary status order, exists no mechanism that will ensure that district court will actually retain jurisdiction until the unrealized promises that are reflecting the completion plans are actually adequately implemented. But counsel, the court expressly retains jurisdiction to enforce every term of the USP, whether or not partial unitary status has been awarded or not. That's right. However, we're in a situation now that the district court has already awarded unitary status to certain areas, even though it did recognize failings in these other areas. But another way of putting it is that an award of complete unitary status and termination of jurisdiction is now completely independent of whether or not the district actually implements the unrealized promises that are reflected in the completion plans relating to non-magnet school integration and transportation. This further reflects a modification of the USP because USP section 11 expressly states that the district court is to retain jurisdiction until the TUSD has complied in good faith with all obligations under the USP. I guess I'm still not understanding. So Judge Ward read a section saying the district court that it retains jurisdiction over to enforce every term of the USP. So how, and you're saying, but the district court does not have jurisdiction to enforce certain terms. So help me understand where I would look or how that occurs. Sure. So a unitary grant has to certain areas. The district court recognized that there's more to do as to some of those areas. But if, for example, tomorrow, unitary status was granted as to all other areas, the district court's jurisdiction would automatically terminate regardless of whether those promises in those completion plans. If it grants a petition for unitary status, then the district court's jurisdiction would terminate. I understand that. That's what you're saying. But the court hasn't done that thus far. So the district court currently has jurisdiction over all parts of the unitary status plan by, according to its order. So what we have to say prior to the district court granting the petition for unitary status for the entire district, what did its order change? Well, beyond excusing the district's obligations in those areas, the district court did suggest in its unitary status order that by granting unitary status, it would be allowing for the district and community to focus on the work that remains under the unitary status plan. So what Mendoza plaintiffs effectively understand the district court to be saying is, hey district, you've satisfied your burden as to non-integrate, non-magnetical integration. You can focus on other areas. And there's no mechanism for me to ensure that these completion plans will actually be... Why is there no mechanism? The district court also flagged that challengers could raise that the notice and request for approval provisions remained in place and that it had jurisdiction over enforcement of the entire plan. So why would the district court not be able to address any additional problems that arose in the areas where it gave partial unitary status? And maybe I'm speaking a little bit repetitively, but an award of unitary status is a recognition that a school district has complied with certain areas of the consent decree. So that recognition is already there, notwithstanding some failures in those areas. So if complete unitary status is awarded, or rather unitary status awarded in these other areas, jurisdiction automatically terminates. There's no portion of the unitary status plan that suggests the district court will reverse the grant of unitary status. But if they're not in compliance, the district court's not going to grant unitary status. Does plaintiffs understand the unitary status or again, the termination of jurisdiction won't be retained? So I think I appreciate your argument about the shift of the burden of proof, because you're correct that the school district bears the burden of proof absent the partial unitary status on all elements of your plan, correct? Yes, your honor. But as a result of this order, now if there's an issue with compliance with certain aspects of the plan, eliminating all vestiges from those areas, now the Mendoza plaintiffs have to come in and demonstrate or move the burden. I guess what I'm wondering is how consequential is that shift? Right. So it's consequential at the point where the district is granted full unitary status because it does not necessarily mean that the obligations will be met in those areas. And during this litigation, the district has been given the thumbs up, the green light that it can now shift its focus to other areas of the USP. I do see that I'm short on time, so I'll reserve my remaining time for rebuttal if I may. Of course. Well, I guess this is important, but the standard in Carson, which we're applying here, says that it has to cause them irreparable consequences if not immediately reviewed. And that's why I asked you how consequential is that? And you're saying, well, down the line, jurisdiction will be terminated. That's correct, your honor. And for now, the district's been directed that it can focus on other areas, even though there are unfulfilled commitments with respect to those non-negative schools. Okay. Thank you. Thanks. Good morning, Yonah Ruben Salter, Jr. on behalf of the Fisher Plaintiffs. Maybe I can address from a Fisher standpoint, there are certain irreparable unforeseen consequences by the judge entering this order, granting unitary status to student assignment and also transportation. Judge Berry goes on to indicate that the issues that are remaining, that is the biggest one, is the quality of education. And he also, I think we have to bear in mind in the same order, he ordered the district to come up with a three-year integration plan. Well, from the Fisher standpoint, if you've already given unitary status on two very important areas, student assignment and transportation, there is no way that, unless it's just voluntary on the district's part, to have to consider transportation and or student assignment. And you cannot have student assignment without transportation, just inherently the two of them tied together. So there is no way that we could ever complete the other portions of the unitary status plan if the judge has taken away the two most important ones. And I take the position that, and this might be a little bit narrow, but when there were no conditions that the judge had indicated for the remaining portions that he did not find that the district had obtained unitary status, we're still working on those. There's no way in my reading that he other than the exceptions that he noted. But then how are we going to get to the three-year integration plan if they don't have any control? That is the special master, not the plaintiffs, have any control over transportation and our student assignment. They're tied together. I believe Pitts says that. And so that's why we think, in essence, it has dissolved the interlocutory decrees. So we feel that the only way that we can go forward would be an immediate appeal, which would be basically the third prong of the Carson test. And basically, I guess what I'm saying here is that the Carson test is met, and I believe it is also the law of the case when I think the court referred to that previous audience, and we're here on a cross appeal. And clearly, the record should show, I think, that we're dealing with the Carson impetus in this case. And I think we meet all three of the three requirements. And I think we're going to go, if the court denies that, our request. I don't think we could ever complete the quality of education for them, which are the green factors. And then basically, I also take the position that where there's interconnectivity, and there's still work to be done, the court should not partial out the sections of the USP. So basically, I'm arguing here the second time that the judge was premature in granting unitary status in the areas of student assignment and transportation. All right, Mr. Seltzer, I understand your argument to be that they're inextricably intertwined. And so it might as well granted complete, really, or unitary status, not partially unitary status. But let me ask you a question about that. What is, in which area is the, which of the green areas is the three year completion plan operative? Well, I would assume from the Fisher's standpoint, the meat and heart of the case is quality of education. So there's a three year plan that's still ongoing in the quality of education area? Yes, because one of the other outstanding things is that they have to come up again with ALE and also one other area. And I think you cannot do those things if you don't have the ability to, for instance, student assignment might be one of the ways that you're going to deal with the green issues. We can't make the district do anything once they have been told that you've complied. And if you do anything, it's voluntary. So my point is that we'll never complete the rest of it, which are many of them are green factors. And I think that the way the court was correct, the Supreme Court was correct. Possibly you should not grant partially unitary status, particularly where they're green factors still outstanding. Well, what do we do? Oh, sorry. I was just going to say, what do we do with the law of the case that I think it was in Chief Judge Thomas's opinion that the panel said that they could, that the district court could grant partial unitary status? Well, there's no question that they can. But I'm saying in this particular case, the better view was because the judge himself, Judge Burry, who I like very much. And I think he got himself in a position where he was trying to appease both sides up here. And he basically mentioned the fact that it's difficult, but he was going to grant the unitary status. And so my position is that we should, the court should follow caution, as Judge Thomas has said. You want to save the rest of the time for rebuttal? Yes. All right. And we'll hear from the other side. May it please the court. My name is Ben Cooper. I represent Tucson Unified School District number one, which I'll refer to as TUSD. This court's order regarding appellate jurisdiction raises what I think is the key question, not only for appellate jurisdiction, but also for the merits. Why are we even here right now? And the question that's at the core of that question is, what did the district court even do when it used the term partial unitary status? In fact, the district court used partial unitary status like a gold star in a report card. It's an interim assessment and acknowledgement of achievement in certain areas, not a final grade, certainly not a dissolution of any aspect of the structural injunction that is the unitary status plan. The district court did not use partial unitary status in the same way that the Supreme Court did in Freeman versus Pitts or that this court did in the Fisher case, because that meaning of partial unitary status means a relinquishment of jurisdiction. The district court didn't relinquish jurisdiction. It didn't terminate supervision. It didn't eliminate the onerous reporting obligations and approval procedures that continue to bind TUSD in every aspect of unitary status plan. It did not change a word of the 62 page structural injunction that governs the district, even though TUSD asked it to dissolve the injunction completely. So therefore it did not substantially alter the legal relations of parties under this court's decision on jurisdiction in Cunningham versus David Special Commitment Center. Opposing counsel says it changed the burden of proof. Could you respond to that? Well, it depends whatever you're talking about, Your Honor. It did not change the burden of proof with regard to non-green factors, because the district didn't have the burden of proof with regard to green factors. I'm not sure exactly how substantial any of this is, given that the district court on pages 13 and 14 of the September 2018 order specifically responded to these concerns saying, don't worry, we're not going away. We're retaining jurisdiction to everything, even where we're granting unitary status, where the district still must report annually on all USP provisions, even where it granted partial unitary status. The notice and request for approval provisions continue to apply without any exception to an award of unitary status, which means the burden is still on the district to report, to reply, to seek approval. Right, but Mr. Cooper, if the district is not in compliance now, it's relieved of the burden of petitioning to demonstrate that it's achieved unitary status, and if it's not in compliance, it's shown to the district courts or whatever, the Mendoza and Fisher plaintiffs now have to go back to the district court, which they can do. I understand they can go back to the district court and say they're not actually in compliance in these areas, or their failure to meet the quality of education component has been debilitated by virtue of their content status with the student assignment or transportation issues. Your Honor, quality of education is not a green factor, so the district never had the burden of proof with regard to quality of education to begin with. But I think more fundamentally, the district court has said there really is no change in the burden of proof. The district court has said our door remains open to you. The district still has to report. It still has to go through all the terms of the injunction. Nothing has changed, and if you have a problem, let me know. That's not a significant burden, and it's anticipated by the plan, by the unitary status plan, so there's no modification. I think that's what we have to ask. How consequential that is, and if it's consequential enough, does it demand immediate review? I don't think it is consequential, and I don't think at this point it's anticipated by the unitary status plan. There's no change in the injunction. There's no modification of anything. This is an interim assessment. It's much like Plata v. Schwarzenegger, where the court said, well, you could have appealed from the underlying order, or maybe you could appeal from future modifications, but not the current order, and the order was an order to transfer money to the receiver to carry out the plan, so it was not an inconsequential order, but it was still not the one you appeal from. The one you appeal from is the one that changes something, that changes the terms of the compliance, that changes the injunction, and nothing has happened yet. They will have a full opportunity to seek relief if and when Judge Bury does something that actually changes what is happening on the ground. Well, let me ask, why did Judge Bury issue this partial unitary plan, unitary order as to various areas? Why did he? Yes. I think he said why he did. He said it's important for the community to know what progress has been made. That's why I said it's like a gold star in your report card. But he also said that the district had failed to demonstrate its good faith commitment to the whole of the USP. Well, that's an interesting question what the court means from it, because if you go through the entire unitary status order and try to figure out, the one thing the court points to specifically, using terms like good faith, is something having to do with the budgeting process. So it's not clear exactly what the court means. But the good faith commitment as a whole is only consequential if you're using partial unitary status in the sense that Freeman versus Pitts did. That is, the Supreme Court said in Freeman that commitment to unitary status plan as a whole, good faith commitment, is a factor to be considered in determining whether to relinquish jurisdiction even in part. The district court expressly said, I'm not relinquishing jurisdiction even in part. So it's not even a factor for what the court actually did. And I think you have to look at the substance of what the district court did, not the label of partial unitary status. In the Freeman sense, it means the court gave up jurisdiction. I think in the portion that the court just read, it says the court expressly retains jurisdiction to enforce every term of the USP. So we're not talking about a Freeman situation. We're talking about what the court said it was, a public acknowledgement that the district has done well in these areas, but still has other things it has to do. Now, we think, to be honest, that the district court made findings that would have allowed it to grant partial unitary status in the Freeman versus Pitts sense, rather than what it actually ordered. But what it actually ordered doesn't implicate Freeman analysis or the substantive standards of Freeman. And it certainly doesn't even rise to the level of making good faith commitment to the whole a factor under Freeman analysis. Mr. Cooper, what is the status of this case right now in the district court? Is the school district about to, there's some reference in the order that the school district is about to seek unitary status as a whole? We have. In fact, that petition is fully briefed. It hasn't been taken up by the court yet. But fascinatingly, you know, the district court has already ordered TUSD to revise its transportation plan after the grant of partial unitary status. So if you take a tour of CASER, you'll see all the stuff that's going on. Orders keep coming out. Requirements keep being imposed. There are new requirements that have been imposed that were not part of the unitary status order in September 2018 that carry on through at least 2023. So we don't know what the district court's going to do with regard to Freeman versus Pitts unitary status or even partial unitary status. All we know is what the court did in 2018 in the order that's being appealed. So from its perspective, the district court, the Tucson Unified School District is not free of anything. It has all the same obligations to comply with the unitary status plan. So to be honest, you know, this was a cross appeal from our appeal of the denial of our request to terminate the injunction and relinquish jurisdiction entirely. That got dismissed. But now we've got this remnant cross appeal, which is challenging something that might happen in the future if the court decides on grounds that it hasn't yet decided on. We have no assurance what the court's going to do with regard to unitary status plan in the current pending petition. And to be honest, you know, depending on what the court does, there may or may not be a subsequent appeal from that. But that would be an appeal from something the court did or didn't do with regard to the terms of the injunction. And there has not been a change in that to date. And the court expressly gave the plaintiffs all the assurances that possibly could. Don't worry, nothing has really changed. We're just acknowledging the progress the district has made. And a recognition of progress is not a change in an injunction and not a ground for appellate jurisdiction. It's just an interim step towards some kind of change in the future. Now, the argument about that the district court should not have even given out that kind of acknowledgement because the errors are intertwined with others doesn't rise to the level of an change in the injunction where the district court didn't recognize unitary status. When the court has asked plaintiffs counsel, well, but what difference does that make? What effect does it have? You know, and you get answers which I think are sincere, but they're not substantive because it's all comes down to what the district court may one day do if and when it decides to actually dissolve all a part of the injunction and relinquish all part of its jurisdiction. And there isn't really a grievance for purposes of appellate jurisdiction, independently of the Carson standards. But even if they could show something that rose to the level in some attenuated way of a practical, something having a practical effect of the change in the injunction terms, which they haven't, you would still have to go as serious if not irreparable consequence to that. And they haven't done that because everything flows from what the court might do in the future in acting or not acting. But the district court hasn't done that. For example, it created partial unitary status in the area of transportation, but subsequently has already ordered changes to the transportation plan. This, if you look at PACER and take judicial notice of the, the, the, the filings continue a pace without, without slowing down and the orders continue a pace. I believe there've been three orders since late June. There will no doubt be more. The special master has made his recommendations. The United States has chimed in, but the district courts continuing to monitor and control and exercise jurisdiction and supervision and the district and the school district is continuing to file its reports, you know, carry out all of its burdens in every aspect of the unitary status plan. So we're truly at a loss to understand, you know, in what sense the plaintiffs are aggrieved and why they're continuing to pursue this appeal. Unless the court has questions, I'll relinquish the rest of my time. Okay. And Mr. Rodriguez, Mr. Salter, you have a few minutes left for rebuttal. I'll leave it to Mr. Rodriguez. I have only one thing to correct though, when the distinguished counsel for the district says this case, green factors are not in this case. In the, and I recite in the Fisher case at 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, the court said the following. Uh, we ordered the district court to maintain its jurisdiction until it is satisfied that the school district has met its burden by demonstrating not merely promising its good faith compliance with the settlement agreement over a reasonable period of time. The court must also convince the district that it has eliminated the vestige of past discrimination to the extent practical with respect to all of the green factors. And I don't know why the district keeps saying that they're not an issue here. I'll relinquish the rest of it to Juan. Uh, you're muted, Mr. Rodriguez. Thank you, your honor. I'll very briefly add that there's a distinction that's getting lost a bit with respect to areas of the unitary status plan where unitary status was awarded, but where there was no order for a completion plan, notwithstanding the good faith issue, there we understand the district's argument that there isn't much change. However, with respect to the areas where completion plans were ordered, as Ruben says, there's effectively an acceptance of promises, which is in effect an excusable of the district's obligations, which are occurring now, not in the future. And I have a few seconds and I think I will land on that. I think we have your arguments. We thank both sides for their arguments. The case of Roy Fisher versus Tucson Unified School District is submitted and we're now adjourned for this session. Thank you. Thank you.
judges: Wardlaw, Ikuta, Tagle